UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

LORRAINE THOMPSON,

    Plaintiff

v.

TORRES CREDIT SERVICES, INC.,

    Defendant

Case No.:

COMPLAINT AND DEMAND FOR JURY TRIAL

(Unlawful Debt Collection Practices)

## COMPLAINT

LORRAINE THOMPSON ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against TORRES CREDIT SERVICES, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as a substantial portion of the acts giving rise to this action occurred in this District.

# PARTIES

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19131.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with an address of 27 Fairview Street, Suite 301, Carlisle, Pennsylvania 17013.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its collectors.

# FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

11. The alleged debt, a PECO home utility bill, arose out of transactions, which were primarily for personal, family, or household purposes.

12. Plaintiff disputes owing the debt Defendant was seeking to collect.

13. In addition, in 2012, Plaintiff disputed the debt with the original creditor, PECO, providing them with documentation that no debt was owed.

14. Nevertheless, beginning in or around July 2013, and continuing through November 2013, Defendant repeatedly and continuously contacted Plaintiff on her cellular telephone in its attempts to collect a consumer debt.

15. Defendant contacted Plaintiff, on average, one (1) to two (2) times a day, causing her to receive ten (10) collection calls a week.

16. Plaintiff suffers from migraines, arthritis in her back and radiculopathy that have caused her to be medically disabled.

17. The continuous calls placed by Defendant caused unnecessary physical exertion and discomfort to Plaintiff, as a byproduct of the harassing collection techniques.

18. On more than one occasion, Plaintiff answered Defendant's calls, told the collector that she was unemployed and conveyed that her only source of income was social security disability.

19. Plaintiff told Defendant's collectors to stop calling her; however, her instructions were not incorporated in her account file, as Defendant persisted in calling, knowing that she was disabled and unable to pay the alleged debt.

20. In an effort to stop the calls, Plaintiff began a procedure of answering the phone when Defendant called and immediately hanging-up, signaling a reminder that calls were unwanted.

21. When Plaintiff hung up, Defendant would immediately call back

22. In one conversation with Defendant, Plaintiff disputed owing the alleged debt and told the collector to stop calling.

23. The collector said in response, and in defiance, that Defendant would continue to call and would persist with collection activity, before again demanding payment of the disputed debt.

24. Defendant's collectors also said that the debt could be reported to the credit bureaus and would be, but failed to state that any reporting would have to include a reference that Plaintiff disputed owing the debt.

25. The collector's statement gave Plaintiff the impression that Defendant could and would misrepresent the circumstances when reporting the debt and that it would adversely affect Plaintiff's credit.

PLAINTIFF'S COMPLAINT

26. Upon information and belief, Defendant never investigated Plaintiff's dispute of the debt, knowing that if it had done so, the account would have to be returned to the creditor as uncollectible and also marked as "disputed".

27. Within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notice setting forth her rights to dispute the debt and/or seek verification of the debt pursuant to the FDCPA.

28. Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

29. In its actions to collect a disputed debt, Defendant violated the FDCPA in the following ways:

**COUNT I**

a. A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it repeatedly called Plaintiff on her cellular telephone, on average, one (1) to two (2) times a day; celled her back immediately after she hung up the phone; and continued to call her about the debt despite knowing she did not want to

PLAINTIFF'S COMPLAINT

be contacted and did not have the means to pay the debt, with the intent to annoy, abuse and harass her.

### COUNT II

a. A debt collector violates § 1692e of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

b. A debt collector violates § 1692e(8) of the FDCPA by threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

c. A debt collector violates § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

d. Here, Defendant violated §§ 1692e, 1692e(8) and 1692e(10) of the FDCPA by threatening to report Plaintiff to a credit bureau if she does not pay the debt and not disclose that the debt was disputed.

### COUNT III

a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b. Here, Defendant violated § 1692f of the FDCPA by failing to investigate Plaintiff's dispute of the debt; failing to update its records to stop calling Plaintiff after it knew its calls were unwanted; failing to investigate Plaintiff's financial status and/or not receiving any information indicating that Plaintiff's

ability to pay the debt had changed prior to contacting her; and threatening to continue contacting her despite knowing that she did not want to be called and did not have the means to pay the alleged debt.

## COUNT IV

a. A debt collector violates § 1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Here, Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the

PLAINTIFF'S COMPLAINT

debt or providing him with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, LORRAINE THOMPSON, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LORRAINE THOMPSON, demands a jury trial in this case.

DATED: June 24, 2014

RESPECTFULLY SUBMITTED,

_____
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: 877-788-2864
Email: kimmel@creditlaw.com